Callahan, J.
The defendant, who has been employed as a barber in the same shop for twenty-three years and never previously convicted of crime, has been found guilty of book-making (Penal Law, § 986). No written memorandum of any wager was found and there is no claim that any was made.
On the trial the arresting officer testified to seeing the defendant over a period of one-half hour converse with six unknown men in front of the shop where he was employed. The officer stated that he observed the defendant hand “scratch sheets” to each of these men and that the latter handed money in bill form to the defendant after consulting the “scratch sheets”. He further related that after each transaction the defendant made a telephone call. According to the officer’s testimony he followed the defendant to the telephone booth after the sixth transaction and heard him say over the telephone: “ Give me a state *711 ment at the end of every day”, and “I promised my players twelve to one”.
The police officer, who was conceded to be an expert in matters pertaining to book-making, was then asked and permitted to give “ expert testimony ” despite the defendant’s objection, as follows:
“Q. Officer, in your opinion, what does the statement, ‘Give me my statement at the end of each day; I promised my players twelve to one,’refer? A. ‘Give me my statement at the end of each day,’ is a statement given by this defendant to the bookmaker whom he is calling. On that statement there would be the names of horses, the amounts wagered, and as a rule, on the top, would be his name.
“ Q. Now, in your opinion, would a player ask for such a statement? A. No, he would not.
“ Q. What does the rest of the statement mean? A. ‘ Twelve to one ’ in my opinion is ‘ twelve to one, place.’ Some bookmakers will pay ‘ eight to one ’ for place. Some will pay ten and some will pay twelve. * * *
“ Q. What does the whole statement mean ‘ I promised my players twelve-to-one.’ A. Apparently his players found out they could get twelve-to-one from some other bookmakers.”
Later the trial court put this question to the officer and received the following answer:
“ The Court: I just would like to ask one question (to the witness). Can you, in view of your knowledge of bookmaking activities, give this Court a simple explanation which links up,— speaking in terms of this specific defendant,— which links up the twelve-to-one limitations with the fact that he asked for a statement?
“ Witness: The fact that he asked for a statement, in my opinion, makes him a bookmaker’s runner. The twelve-to-one —
“ Mr. Mogel: I object to that.
“ The Court: Objection overruled.
“ Mr. Mogel: Exception. Your Honor, you are giving the officer the power to determine the guilt or innocence of this defendant.”
We deem that the receipt of the foregoing testimony, other than so much as relates to the meaning of the expressions used by the defendant, constitutes reversible error.
The use of opinion evidence as to an accepted secondary meaning of words having a particular significance in any trade or calling is permissible. But such was not the nature of the testimony given by the police officer in this instance. This *712 witness was permitted to state his own conclusion concerning the occupation of some undisclosed person presumably at the other end of the telephone. Even as an expert the arresting officer should not have been allowed to give speculative hearsay testimony as to what players and book-makers might do or say in their dealings with each other. Nor should he have been permitted to draw his own conclusion that the defendant was a book-maker’s runner based on the meaning he attributed to the defendant’s speech. His testimony in this last regard constituted an opinion by the officer with respect to the main issue on which the ultimate question of the defendant’s guilt or innocence rested in this case. This issue was to be decided by the court on the evidence, and not on the opinion of the witness concerning the defendant’s activities and what they signified to him.
The judgment should be reversed, the fine remitted and a new trial ordered.